```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| SHAWN LANEAL SHERRILL,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| ) | |
| v.   ) | No. 22-cv-2325-SHM-tmp |
| ) | |
| KILOLO KIJAKAZI, Acting   ) | |
| Commissioner of Social   ) | |
| Security,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Before the Court is Plaintiff Shawn Laneal Sherrill's ("Sherrill") Brief in Support of his Claims for Review of Application for Disability Benefits. (ECF No. 18.) The government has responded. (ECF No. 23.) Sherrill has replied. (ECF No. 24.) The government has filed supplemental authority. (ECF No. 27.) For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I.   Background**

Sherrill filed an application for Title II disability benefits on March 11, 2019. (Administrative Transcript ("Tr.") at 15.) He alleged disability due to schizoaffective disorder, bipolar disorder, mood swings, multiple personality, depression, anxiety, back problems, high blood pressure, arthritis, and

gastroesophageal reflux disease. (Id. at 293.) Sherrill's application was denied initially and after reconsideration. (Id. at 101-24, 127-33, 135-40.) On de novo review, an administrative law judge ("ALJ") found Sherrill did not qualify for disability, and the Social Security Administration's ("SSA") Appeals Council denied Sherrill's request for further review. (Id. at 1-6; 12-36.) Sherrill seeks judicial review of an adverse administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

## II. Jurisdiction

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff brings claims under 42 U.S.C. § 405(g). (ECF No. 1.) The Court has jurisdiction.

## III. Standard of Review

On judicial review, an ALJ's decision will be affirmed if supported by "substantial evidence" and made pursuant to proper legal standards. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012); 42 U.S.C. § 405(g). The substantial-evidence standard is not demanding. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is more than a mere scintilla. Id. It means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id.

**IV. Analysis**

    **A. Authority of the Administrative Law Judge**

Sherrill asks the Court to remand the case for a de novo hearing on the ground that the ALJ who conducted the hearing lacked the authority to do so. (ECF No. 18 at 9-10.) Sherrill contends that the ALJ was not properly appointed by then-Acting Commissioner Nancy Berryhill ("Berryhill") because Berryhill exceeded the time limits for acting commissioners imposed by 5 U.S.C. § 3346. (Id.)

Section 3346 provides in pertinent part:

> (a) Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office-
>    (1) for no longer than 210 days beginning on the date the vacancy occurs; or
>    (2) subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

5 U.S.C. § 3346(a).

The SSA contends, and Sherrill does not dispute, that Berryhill was validly the acting commissioner from January 20, 2017, the date she was designated acting commissioner, until November 16, 2017, the day the 210-day limit expired. (ECF No. 23 at 12; ECF No. 24 at 4-5.)

The parties disagree about whether § 3346(a)(2) permitted Berryhill to resume her duties as acting commissioner on April

3

17, 2018, when President Donald Trump nominated Andrew Saul to be Commissioner of the SSA. The SSA contends that § 3346(a)(1) and § 3346(a)(2) are alternate grounds for serving as acting commissioner. (ECF No. 23 at 13.) Sherrill urges the Court to adopt the reasoning of Brian T.D. v. Kijakazi, 580 F.Supp.3d 615 (D. Minn. 2022). Brian T.D., which was reversed by the Eighth Circuit in Dahle v. Kijakazi, 62 F.4th 424 (8th Cir. 2023), held that 3346(a)(2) is a tolling provision for 3346(a)(1). Brian T.D., 580 F.Supp.3d at 629. According to the District Court, 3346(a)(2) only applies when the nomination was made during the initial 210-day period. Id. It does not provide an independent source of authority. Id. The District Court reasoned that § 3346 applies to "the person serving as an acting officer," not someone who is not yet the acting commissioner.

Section 3346(a)(2) does not reference § 3346(a)(1) or provide that the nomination must occur within the 210-day period to authorize an acting commissioner's service. 5 U.S.C. § 3346. As the Supreme Court has explained, because the use of "or" is almost always disjunctive, the phrases it connects are to be given separate meanings. United States v. Woods, 571 U.S. 31, 45 (2013). Here, the use of "or" establishes that 3346(a)(1) and 3346(a)(2) provide independent grounds for an acting commissioner's authority. As the Eighth Circuit noted in reversing, the District Court's reading renders the statute a

4

nullity. Dahle, 62 F.4th at 427. "[T]he person serving as an acting officer" applies both to 3346(a)(1) and 3346(a)(2). If an individual must already be serving as acting commissioner before 3346(a)(1) applies, there is no way for someone to become acting commissioner.

Sherrill argues that, even if Berryhill's actions after the nomination would otherwise be authorized by 3346(a)(2), they should be invalidated because Berryhill continued as acting commissioner after the 210-day limit elapsed and before the nomination of Andrew Saul. (ECF No. 24 at 5.) Berryhill ratified the appointments of all SSA ALJs on July 16, 2018, three months after Andrew Saul's nomination triggered 3346(a)(2). (ECF No. 23 at 12.) Sherrill does not explain or produce authority for the proposition that Berryhill's alleged unauthorized time as acting commissioner affects an action she took while she was validly the acting commissioner. The ALJ was properly appointed and had the authority to decide.

### B. Materiality Finding as to Drug and Alcohol Abuse

The center of the dispute about the validity of the ALJ's findings is whether the ALJ properly decided that Sherrill's substance abuse was a contributing factor material to the finding of disability. The Commissioner cannot make a disability finding if alcoholism or drug addiction is a contributing factor material

5

to the Commissioner's determination that the individual is disabled. 42 U.S.C. § 423(d)(2)(C).

Here, the ALJ decided that Sherrill's substance use disorder materially contributed to his disability. (Tr. at 23.) The parties disagree about whether that finding was proper. Dr. Patricia Griffen, Ph.D., opined that Sherrill met the disability standard when substance abuse was considered and when it was not. (Tr. at 60-61, 63-64.) The ALJ rejected Dr. Griffen's opinion based on mental status examinations that occurred while Sherrill was sober. (Tr. at 24-29.)

Sherrill criticizes the ALJ for ignoring aspects of Dr. Griffen's report. Sherrill argues that the ALJ ignored Dr. Griffen's finding that Sherrill's mental disability caused his failure to consistently stay sober and follow his prescribed treatment. (ECF No. 18 at 5.) Sherrill also argues the ALJ ignored Dr. Griffen's finding that Sherrill suffered from schizophrenia even when his medication was working. (Id. at 6.) Sherrill argues the ALJ ignored two state agency psychologists who stated more evidence was necessary to evaluate Sherrill's mental status during periods of sobriety. (ECF No. 24 at 4.) Sherrill's criticisms amount to arguing that the ALJ improperly weighed competing evidence and should have found Dr. Griffen's findings more persuasive than Sherrill's periods of sobriety. A plaintiff cannot succeed by arguing that competing evidence

6

should have been weighed differently. Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 400 (6th Cir. 2018).

Sherrill argues that the ALJ rejected Dr. Griffen's findings in the absence of any evidence to the contrary because the purported evidence on which the ALJ relied was precluded by Social Security Ruling 13-2p ("SSR 13-2p"). (ECF No. 24 at 3-4.) SSR 13-2p prohibits a finding that substance abuse is a material cause of a mental disorder when the sobriety-induced improvement occurs "in a highly-structured treatment setting, such as a hospital or substance abuse rehabilitation center." SSR 13-2p, 2013 WL 621536 at *13. SSR 13-2p also requires that, to justify a finding of materiality, a period of abstinence must be "long enough to allow the acute effects of drug or alcohol use to abate." Id. at *12.

The ALJ's decision contains an extensive discussion of Sherrill's inpatient treatment. (Tr. at 25-28.) The parties do not dispute that Sherrill's inpatient treatment cannot support a materiality finding under SSR 13-2p. However, the ALJ also considered Sherrill's mental status during two years of outpatient treatment at Family and Children's Services ("FCS").[1]

---

[1] Sherrill's contention that the ALJ did not consider Sherrill's outpatient treatment is contradicted by the record. Although the ALJ began by stating that Sherrill's inpatient treatment provided "the most straightforward indication" of the effect of substance abuse on Sherrill's condition, the ALJ subsequently discussed Sherrill's

(Tr. at 28-29.) The ALJ noted that Sherrill's examinations from that time "were fairly unremarkable." (Id. at 28.) Sherrill had a "normal thought process" and "recognized the benefit of his medications" although he was not taking them. (Id. at 29.)

The ALJ's consideration of Sherrill's outpatient treatment at FCS was consistent with the requirements of SSR 13-2p. Because the ALJ relied on evidence that was not precluded by SSR 13-2p, the remaining question is whether that evidence is substantial. Although the evidence was subject to multiple reasonable interpretations, the outpatient treatment was evidence a reasonable mind might accept as adequate to support a conclusion that Sherrill's substance abuse was a contributing factor material to a finding of disability. A reasonable mind might have agreed with Dr. Griffen that Sherrill was always dealing with schizophrenia and that Sherrill's inability to take his medications consistently was caused by his condition. A reasonable mind might also have concluded, as the ALJ did, that the mental acuity Sherrill demonstrated while at FCS was more probative of his ability to retain a job. The ALJ's decision is supported by substantial evidence and was made pursuant to proper legal standards.

The Commissioner's decision is **AFFIRMED**.

---

improved condition during outpatient treatment, a period largely free of drug use. (Tr. at 28-29.)

So ordered this 4th day of April, 2023.

                                              /s/ *Samuel H. Mays, Jr.*  
                                              SAMUEL H. MAYS, JR.  
                                              UNITED STATES DISTRICT JUDGE